"Document Electronically Filed"
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN
ONE RIVERFRONT PLAZA
NEWARK, NEW JERSEY 07102-5410
(973) 623-1822
EOH 4375
Attorneys for Petitioners

| | |
|---|---|
| NEW JERSEY CARPENTERS FUNDS; NEW JERSEY REGIONAL COUNCIL OF CARPENTERS and ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN, P.C. | HON. CIVIL ACTION NO. |
| Petitioners, | **VERIFIED PETITION TO CONFIRM ARBITRATION AWARDS** |
| ENGINEERED FRAMING SYSTEMS, EFS STRUCTURES, INC., and EFS OF NEW JERSEY | |
| Respondent. | |

Come now the Petitioners, New Jersey Carpenters Funds, New Jersey Regional Council of Carpenters and Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C., by and through their attorneys, Zazzali, Fagella, Nowak, Kleinbaum & Friedman, P.C., whose petition respectfully shows:

1. This Court has jurisdiction over this matter through 9 U.S.C. §9 (1976) and 29 U.S.C. §185.

2. Respondent is bound to a written collective bargaining agreement with petitioner New Jersey Carpenters Funds.

3. The agreement provides for the submission to arbitration of any controversies concerning delinquent payment to the New Jersey Carpenters Funds. A true and accurate copy of Article XXVI(4) of the collective bargaining agreement, which provides for the submission of disputes regarding delinquencies to the permanent arbitrator, is attached hereto as Exhibit A.

4. Pursuant to the agreement, this dispute was submitted to the arbitrator, J.J. Pierson, who, upon a hearing held on May 31, 2007, with proper notice to all parties, entered an award, in writing, and dated May 31, 2007.

5. For the Court's convenience and consideration, attached to the award is a copy of the signature page from the collective bargaining agreement as it directly relates to respondent. A copy of the award and signature page is attached hereto as Exhibit B.

WHEREFORE, petitioners respectfully move this Court to proceed expeditiously and without a hearing under Fed. R. Civ. P. 78 and to enter an order confirming said award, directing that judgment be entered thereon and awarding such other relief as this Court may deem equitable and just.

Dated: August 10, 2007          By:     s/Edward H. O'Hare(EOH4375)
                                        Zazzali Fagella Nowak Kleinbaum
                                         & Friedman
                                        One Riverfront Plaza
                                        Newark, NJ 07102
                                        (973) 623-1822
                                        Fax: 623-2209
                                        eohare@zzfn.com

ZAZZALI,
FAGELLA, NOWAK,
KLEINBAUM
& FRIEDMAN
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

16393_2.doc

# AGREEMENT

*by and between*

## NEW JERSEY REGIONAL COUNCIL OF CARPENTERS
of the
UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA



## BUILDING CONTRACTORS ASSOCIATION OF NEW JERSEY
*and their affiliates*



## DRYWALL AND INTERIOR SYSTEMS CONTRACTORS ASSOCIATION OF NEW JERSEY



### EFFECTIVE
*May 1, 2002 - April 30, 2007*


PETITIONER'S EXHIBIT A

post a surety bond obtained from a carrier licensed to do business in the State of New Jersey or cash escrow with the Trustees prior to the commencement of any work by said Employer. Such bond shall be in the amount determined by the Trustees but not less than $5,000.00 and must guarantee the payment of Fringe Benefit payments required under this Agreement to all employees within the unit. A copy of such bond shall be furnished to the Union before the commencement or re-commencement of any work by such employees, or the escrow furnished.

The attorney's fees referred to above agreed upon as follows:

WITH OR WITHOUT SUIT
27 1/2% of the first $750.00
22 1/2% over $750.00
(Minimum $25.00 each fund)

All disbursements and expenses including arbitration fees are additional.

4. It is further agreed that the Trustees of any Fringe Benefit Fund or an alleged delinquent employer may request arbitration of any alleged wage or fringe benefit fund delinquencies and arbitration must be heard within thirty (30) days after such request. The decision of the arbitrator shall be final and binding. The arbitration shall be heard in offices of the applicable Carpenter Funds or in the office of the counsel for the Funds and shall be in accordance with the rules of the New Jersey State Board of Mediation. In order to expedite such hearing, a Permanent Arbitrator is herewith designated and approved. Said Permanent Arbitrator is_____.

5. All provisions with respect to any local fringe benefits funds that are in conflict with the foregoing shall prevail.

## ARTICLE XXVII
## INDIVIDUAL EMPLOYEE RIGHTS:

Each Employee in the bargaining unit individually reserves the right to cancel his services of labor on any job where non-union journeymen or apprentices are employed for a period exceeding the seven (7) days after which they may be required to become members of the Union, pursuant to a valid Union Security Contract.

## ARTICLE XXVIII
## WAGES AND FRINGE BENEFITS:

1. The schedule of hourly wages and fringe benefit contributions Attached hereto as Appendix "A" shall be applicable during the term of this Agreement:

-21-

STATE OF NEW JERSEY

| | |
|---|---|
| In the Matter of the Arbitration between<br><br>NEW JERSEY CARPENTERS FUNDS (hereinafter "Funds")<br><br>-AND-<br><br>Engineered Framing Systems,<br>EFS Structures, Inc. and EFS of New Jersey (hereinafter collectively "Employer") | **ARBITRATION AWARD AND ORDER** |

Before:     J.J. Pierson, Esq.
               Arbitrator

This matter being opened to J. J. PIERSON, ESQ., Arbitrator, and a hearing having been held on May 31, 2007 at the offices of Zazzali, Fagella, Nowak, Kleinbaum & Friedman, Esqs., One Riverfront Plaza, Newark, New Jersey 07102 and the Employer having received due notice of the hearing, and sworn testimony having been taken, and it appearing that the Employer is bound to a collective bargaining agreement with the Local Union; that the Employer was delinquent in payment of contributions required under the agreement to the New Jersey Carpenters Funds; that the collective bargaining agreement requires that employers delinquent in payment of contributions to or filing of reports with regard to any of the Funds shall pay reasonable attorneys' fees of no less than 25% of the amount due when legal services are required to collect indebtedness, together with interest and any costs and shall also pay all auditing fees and the fee of the Arbitrator when arbitration is required; that legal services were required to collect delinquencies in contributions owed to the Funds by the employer and that the value of such legal services rendered by Zazzali, Fagella, Nowak, Kleinbaum & Friedman, Esqs. is 25% of the amount of the delinquency; it is therefore AWARDED and ORDERED that:

EFS arb.doc


PETITIONER'S EXHIBIT B

1. The Employer shall pay forthwith to the Funds delinquencies in contributions for the time period(s) October 28, 2005 through May 6, 2007, the sum of $361,852.90 subject to the adjustment by any audit as allowed herein, plus interest at the rate of 1% above the current prime rate per annum on the unpaid balance of both contributions and interest for the period such monies remain outstanding after the date such contributions become due and payable.

2. The Employer shall pay forthwith to Zazzali, Fagella, Nowak, Kleinbaum & Friedman, Esqs., One Riverfront Plaza, Newark, New Jersey 07102 as reasonable attorneys' fees the sum of $90,463.00 which is 25% of $361,852.90 as shown to be due the Funds, or shall pay 25% of the adjusted amount shown to be due by the audit ordered herein plus interest at the rate of 10% from the date of this Award on any part of the attorneys' fees awarded and ordered that is not paid within 30 days of the date of this Award.

3. The Trustees of the Funds, in their discretion, shall cause an audit to be made of the payrolls and such other records of the Employer as are considered pertinent by the Trustees from January 1, 2003 to date, and the Employer shall cooperate in the performance of an audit and shall also pay all auditing fees.

4. In accordance with the provisions of the collective bargaining agreement the Employer shall reimburse the Funds for the Arbitrator's fee of $1,500.00. Payment by the Employer, of the Arbitrator's fee shall be deemed an obligation imposed by this Award.

5. **THE EMPLOYER SHALL BE LIABLE IN THE <u>TOTAL AMOUNT</u> OF $453,815.90 AND ALL COSTS IN THIS ACTION AND SHALL SUBMIT SAID PAYMENT TO "ZAZZALI, FAGELLA, NOWAK, KLEINBAUM & FRIEDMAN TRUST ACCOUNT", ONE RIVERFRONT PLAZA, NEWARK, NEW JERSEY 07102-5410.**

6. The Employer shall make all future contributions to the Funds in a prompt and timely manner, as determined by the Funds, and the failure of the Employer to do so shall be deemed a violation of this award.

13365_2.doc

7. The Funds and Union shall have the right upon demand to examine all records of the Employer, including all financial records, in the event the Employer is unwilling or unable, or claims he is unwilling or unable, to pay contributions due to the Funds, said examinations being necessary for the Funds and the Union to determine whether in fact there are assets, the location of such assets, and whether assets have been conveyed, directly or indirectly to any other person or entity.

8. In addition to the attorneys' fees awarded herein, the Employer shall pay as supplementary attorneys' fees of ten percent (10%) of the total amount due to the Funds, in the event that any additional efforts or services of any nature are required by any attorney for the Union, subsequent to the issuance of any court judgment confirming this Arbitration Award, in order to recover amounts due on said judgment.

9. The president, registered agent, or other authorized corporate official designated by the Funds, shall appear for discovery on oath and produce documents concerning the property and things in action of the Employer at the office of Zazzali, Fagella, Nowak, Kleinbaum & Friedman, One Riverfront Plaza, Newark, New Jersey, upon ten (10) days notice.

10. The Employer shall produce at that time and place the following documents pertaining to the Employer:

    A. Bank Accounts;

    B. Federal and state tax returns;

    C. Financial statements;

    D. Documents evidencing ownership interest in real estate, motor vehicle, any and all equipment, pension, life or profit sharing plans, stocks, bonds, securities or other tangible goods;

    E. Payroll records, accounts receivables and accounts payables;

    F. Any judgments or liens by or against the Employer;

G. Any and all loans, promissory notes, bills of exchange or commercial paper made by or for the benefit of the Employer

11. The arbitrator retains jurisdiction in the event of any dispute of any nature concerning the interpretation or application of the award.

Dated: May 31, 2007

_____
Arbitrator

STATE OF NEW JERSEY:

ss.

COUNTY OF ESSEX:

On this 31st day of May, 2007 before me personally came and appeared J.J. Pierson, Esq., to me known and known to me to be the individual described in and who executed the foregoing instrument and he acknowledged to me that he executed the same.

_____

IBIS FRED
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 5, 2008

13365_2.doc

# New Jersey Regional Council of Carpenters
("Formerly New Jersey State Council of Carpenters")
## UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA

RECEIVED MAR 19 2002

**WHEREAS**, the Contractor is engaged in the building and construction business and desires to employ employees represented by the Local Unions and/or Regional Councils of the United Brotherhood of Carpenters and Joiners of America (hereinafter "Carpenter Unions"), in their respective territorial jurisdictions which employment will require payments to the New Jersey Carpenters Pension Fund, New Jersey Carpenters Health Fund, New Jersey Carpenters Annuity Fund, New Jersey Carpenters Vacation Fund, New Jersey Carpenters Apprentice Training and Educational Fund (hereinafter "Funds") and check-off dues deductions to the various local groups and the Regional Council;

**ALL FRINGE BENEFITS ARE TO BE PAID WEEKLY.**

**WITNESSETH**, the undersigned agrees to be bound by every applicable current collective bargaining agreement between the State Council of Carpenters, Regional Council of Carpenters, or other local Carpenters Unions affiliated with the United Brotherhood of Carpenters and Joiners of America and The Building Contractors Association of New Jersey, governing wages, working conditions and payments to fringe benefit funds, which agreements are incorporated herein by reference. The permanent arbitrator appointed by the Trustees of the Funds shall herein decide all matters concerning wages and benefits and all matters concerning procedural or substantive arbitrability. The Agreements and Declarations of Trust, as amended, governing the above mentioned fringe benefit Funds are agreed to by the parties and incorporated herein by reference. This Agreement shall continue in effect for the duration of the above referenced applicable collective bargaining agreements and shall be deemed renewed on the same basis as the above referenced applicable collective bargaining agreements, whether renewed by renegotiations or otherwise, including any amendments and/or modifications thereto, and shall continue in full force and effect from year to year unless at least 90 days before termination of the then current collective bargaining agreement either party notifies the other in writing by certified mail, return receipt requested, of cancellation of this Agreement. This agreement shall also govern any corporation, partnership or sole proprietorship which is deemed to be a controlled entity under the Internal Revenue Code or which is a successor to, joint employer with, or alter ego of the undersigned Contractor. To the extent the undersigned contractor subcontracts any work covered by this Agreement to any subcontractor or other person the Contractor shall be liable for all contributions owing to the above mentioned Funds in the event the subcontractor or person fails to pay contributions to said Funds for employees covered by this or the above referred to Agreement who are employed by the said subcontractor or person.

**NEW JERSEY REGIONAL COUNCIL OF CARPENTERS**

BY: _Frank Spencer_
FRANK SPENCER
EXECUTIVE SECRETARY-TREASURER

DATE AGREED UPON __2/15/02__

NAME OF CONTRACTOR: _EFS of New Jersey_
ADDRESS OF CONTRACTOR: _16 Mt Bethel Rd Warren (N.J.)_
TELEPHONE # OF CONTRACTOR: _908-757-7520_
AUTHORIZED SIGNATURE: _[signature]_
NAME OF AUTHORIZED SIGNER (PLEASE PRINT): _[illegible]_
TITLE (PLEASE PRINT): _President_
IRS IDENTIFICATION # OF CONTRACTOR: _52-2356924_

FUND OFFICE COPY